RECEIVED
IN ALEXANDRIA, LA

FEB -9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID DEVON DAVIS<br>    FED. REG. #09698-040<br>VS. | CIVIL ACTION NO. 09-2005<br><br>SECTION P<br><br>JUDGE DRELL |
| WARDEN JOE KEFFER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

On November 24, 2009, *pro se* plaintiff David Devon Davis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institute (FCI), Pollock, Louisiana, and he complains that he is being wrongfully confined in the Special Management Unit (SMU) or Special Housing Unit (SHU) at that facility.

Plaintiff sued Warden Joe Keffer and other corrections

---

[1] In Bivens, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. The defendants - all employees of the BOP - are agents or employees of the federal government.

officers or staff praying for compensatory damages for unlawful imprisonment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### Background

Plaintiff is an inmate in the custody of the BOP. On June 12, 2009, while plaintiff was incarcerated at the United States Penitentiary, Pollock, he and another inmate, David Rosario, were removed from the general population and assigned to the Special Housing Unit (SHU) under an Administrative Detention "lock-up" order issued by Warden Keffer, Captain Wingo, Associate Wardens Eskridge and Grant, SIA McKinney and SIS Crittle.

According to plaintiff, on some unspecified date the investigation ceased, however, neither plaintiff nor inmate Rosario were charged and plaintiff received no incident report. Sometime in late August or early September 2009, Rosario was released from SHU and allowed to return to the general population.

Plaintiff's Unit Team (Montgomery and Zerr), in concert

with the defendants named above, referred plaintiff to the Special Management Unit (SMU) and transferred plaintiff to his current place of confinement in the Federal Correctional Complex at Pollock. Plaintiff claims that this designation, transfer, and placement are acts of "reprisal", "arbitrary and capricious," an "abuse of authority", and amount to "retaliation" and "discrimination" in violation of the Fifth and Eighth Amendments and 28 C.F.R. §541. He seeks monetary damages for "unlawful imprisonment... for being illegally confined in Special Housing Unit..."

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint filed pursuant to 42 U.S.C. §1983 or Bivens, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

3

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d at

97.

Plaintiff has pleaded the facts necessary to resolve this matter on initial review. Further amendment is unnecessary.

## 2. Due Process

Plaintiff complains that his placement in SHU violates his Due Process rights. However, "the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997) (citing Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). In Sandin, the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. Sandin at 485. In light of Sandin, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998). Additionally, under the guidance of Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected

liberty interest. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir.1995). Accordingly, restrictions or loss of an inmate's commissary, telephone, or visitation privileges "provide no basis for a claim of the denial of constitutional rights." <u>Palmisano v. BOP</u>, 258 Fed. Appx. 646, 648 (5th Cir.2007) (citations omitted). Plaintiff has not shown that his confinement in the special housing unit, or any other condition of confinement, was an atypical and significant hardship in relation to ordinary prison life.

Likewise, even complaints regarding an increase in custody status or transfer to another prison are frivolous. Plaintiff does not have a constitutional right to be housed at a particular institution. See <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Also, Plaintiff does not have a protected property or liberty interest in his custodial classification. <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir.1999); <u>Moody v. Baker</u>, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985, 109 S.Ct. 540, 102 L.Ed.2d 570 (1988).

In short, plaintiff's due process claim is frivolous.

### 3. *Cruel and Unusual Punishment*

Plaintiff also implies that his confinement in SHU violates

the Eighth Amendment's prohibition against cruel and unusual punishment.

Conditions of confinement claims asserted by convicted prisoners such as plaintiff, are indeed analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such a claim, however, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. <u>Farmer</u>, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." <u>Harper v. Showers</u>, 174 F.3d 716, 719-20 (5th Cir.1999) (citing <u>Woods v. Edwards</u>, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." <u>Herman v. Holiday</u>, 238 F.3d 660, 664

(5th Cir.2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Farmer, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" Herman, 238 F.3d at 664 (quotation omitted).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting

cruel and unusual punishment under the Eighth Amendment. *Id.*" Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998). Plaintiff's complaint simply does not rise to the level of an Eighth Amendment violation.

Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has not alleged, nor is it reasonable to assume, that he was denied adequate food, shelter, medical care, and reasonable safety (Farmer, 511 U.S. at 832) or that he was deprived of "... the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. at 347). Indeed, plaintiff implies that confinement in the SHU is a *per se* violation of the Eight Amendment, but such a claim has no basis in law.

Further, to recover damages for exposure to allegedly dangerous conditions of confinement, a prisoner must show that he suffered an actual physical injury which is more than *de minimis*. See 42 U.S.C. § 1997e(e); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). Plaintiff has not

alleged that he sustained any physical injury as a result of his confinement. Plaintiff, at worst, has been inconvenienced and not injured or otherwise harmed by virtue of his placement in SHU. His confinement in SHU cannot rationally be equated to "cruel and unusual punishment" since the deprivations implied by plaintiff were not so extreme as to "... rise to a level that results in physical torture ..." Bradley v. Puckett, 157 F.3d at 1025.

In short, plaintiff's Eight Amendment claim is also frivolous.

### 4. Retaliation

Plaintiff claims that his placement in SHU and ultimate transfer were acts of "reprisal" and "... retaliation by this administration [stemming] from the initial investigation which resulted in no violation of a prohibited act..."

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the

defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997) (quoting Woods, 60 F.3d at 1166), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); McDonald v. Steward, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." Id. (quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995), cert. denied sub nom Palermo v. Woods, 516 U.S. 1084(1996)).

Conclusory allegations are insufficient to establish a "chronology of events" as required to support a claim that prolonged confinement in administrative segregation is the product of retaliation by prison officials. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995).

Plaintiff has not shown that his confinement in SHU and the complained of transfer were in any way related to or the result of his exercise of a specific constitutional right. He has not alleged facts sufficient to establish motivation, nor has he provided any information other than his conclusory allegations to establish a chronology of events indicative of retaliation. Plaintiff's claim of retaliation is also frivolous.

### 5. *Conclusion and Recommendation*

Plaintiff's due process, cruel and unusual punishment, and retaliation claims are frivolous.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, Feb. 9, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE