IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

RECEIVED
IN ALEXANDRIA, LA

SEP 2 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID DAVIS,
          Plaintiff

VERSUS

JOE KEFFER, et al.,
          Defendants

CIVIL ACTION
SECTION "P"
NO. 1:09-CV-02005

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] on November 24, 2009, by plaintiff David Devon Davis ("Davis"). The named defendants are Warden Joe Keffer (warden of the Federal Corrections Institution in Pollock, Louisiana ("FCI-Pollock")), Captain Tony Wingo, Associate Warden Brad Eskridge, Associate Warden S. Grant, S.I.A. J. McKinney, S.I.S. Mike Crittle, Unit Manager Kevin Montgomery, and Case

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

Manager Christal Zerr, all employed by the Bureau of Prisons ("BOP") at FCI-Pollock.  Davis contends he was unlawfully and without due process confined in the Special Housing Unit ("SHU") and then redesignated to a Special Management Unit ("SMU").  Davis contends defendants failed to follow the prison rules in moving and reclassifying him.  For relief, Davis asks for monetary damages. Davis is presently confined in the United States Penitentiary in Lewisburg, Pennsylvania.

Defendants answered the complaint (Doc. 29)[2] and filed a motion for summary judgment (Doc. 33).  Davis responded to the motion (Docs. 37, 38) and defendants replied (Doc. 39). Defendants' motion is now before this court for disposition.

<u>Law and Analysis</u>

1.

Defendants raised the affirmative defense of lack of exhaustion of Davis' administrative remedies in their answer (Doc. 29) and argued it in their motion for summary judgment (Doc. 33).

Defendants submitted an affidavit by Jennifer Hansen, an attorney-advisor for the BOP, who states that the BOP's computerized administrative remedy records show Davis filed a BP-10 in the Regional Officer on October 19, 2009 which was rejected because he had not first filed at BP-9 at the institution level

---

[2] Although Eskridge did not waive service and was not served, he has made a general appearance by answering the complaint (Doc. 29).

(Doc. 33). Hansen further states in her affidavit that, on October 28, 2009, Davis filed a BP-9 at the institution which was rejected because he did not file an informal grievance first through his counselor (Doc. 33). Hansen states that, on November 16, 2009, Davis again filed a BP-9 at the institution level which he later withdrew, on December 3, 2009 (Doc. 33).

Davis contends in his statement of undisputed facts that his first BP-9 (filed October 28, 2009) was lost (Docs. 37, 38). Davis contends in his affidavit that, pursuant to 28 C.F.R. § 541, a BP-8 was not required since staff misconduct was alleged (Doc. 38). Davis states in his affidavit that he filed at BP-10 after he waited a month for a response to his BP-9 (Doc. 38), but was denied for not having a filed a BO-9. Davis state in his affidavit that he then restarted the process (Doc. 38), but admits in his statement of undisputed facts that he withdrew his second BP-9 (filed November 16, 2009) on December 2, 2009 (Doc. 37). The withdrawn BP-9 is attached to Davis' brief (Docs. 37, 38).

Davis appears to ague that he should be considered to have exhausted his administrative remedies because he believed if he dropped his grievance he would be released from the SHU and returned to general population (Doc. 37).[3] Although Davis was

---

[3] According to an affidavit by Wingo (Doc. 33), Davis was in the SHU pending investigation of his involvement in an inmate assault. Wingo states in his affidavit that, since the victim refused to cooperate for fear of his own safety, Davis was never charged and was released from the SHU (Doc. 33).

released from the SHU, he was not returned to general population and now contests his designation/reclassification for the SMU (Doc. 37).

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e(a).  Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies.  Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001).  The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  Thus, federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.  Porter, 534 U.S. at 524, 122 S.Ct. at 988.  Resort to a prison grievance process must precede resort to a court.  Porter, 534 U.S. at 529, 122 S.Ct. at 990.  See also, Jackson v. Dobre, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002)("futility is no longer an exception to the exhaustion requirement").

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq.  Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden, and appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

§ 542.15 Appeals.
(a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.
(b) Form.
(1) Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP- 11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.
(2) An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.
(3) An inmate shall complete the appropriate form with all requested identifying information and shall state the

5

reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 ½ " x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).

Davis admits he filed and then withdrew his BP-10 form. Therefore, it is undisputed that Davis failed to exhaust his administrative remedies. Since there are no genuine issues of material fact as to Davis' failure to exhaust his administrative remedies which would preclude a summary judgment, defendants' motion for summary judgment should be granted.

2.

It is further noted that Davis has not stated a claim for violation of his constitutional rights due to his confinement in the SHU or his reclassification.

Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration, and the prison officials' decision to transfer an inmate to more restrictive quarters, even for non-punitive reasons, is well within the broad discretion the courts grant them. Hewitt v. Helms, 459 U.S. 460, 479, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983). Also, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293,

6

2301, 132 L.Ed.2d 418 (1995); <u>Pichardo v. Kinker</u>, 73 F.2d 612, 613 (5th Cir. 1996). Administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. <u>Pichardo v. Kinker</u>, 73 F.3d 612 (5th Cir. 1996), citing <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995), cert. den., 517 U.S. 1196, 116 S.Ct. 1690 (1996). Nor does a claim as to the amount of time spent in the SHU allege a due process violation. <u>Lair v. Purdy</u>, 84 Fed.Appx. 413, 415, 2003 WL 23021483, *2 (5th Cir. 2003). Also, <u>Colgrove v. Williams</u>, 2004 WL 1567117, *1 (5th Cir. 2004); <u>Tamez v. Buentello</u>, 80 Fed.Appx. 933, 2003 WL 22697276 (5th Cir. 2003)("[Plaintiff] had no liberty interest that was violated by his placement in administrative segregation."); <u>Martin v. Scott</u>, 156 F.3d 578 (5th Cir. 1998), cert. den., 527 U.S. 1041, 119 S.Ct. 2405 (1999)(due process, equal protection, and Eighth Amendment claims regarding confinement in administrative segregation were frivolous).

Moreover, a prisoner has no right to, and therefore no protected liberty interest in, a certain classification. Classification of inmates is an administrative function. Prison officials can change an inmate's classification for almost any reason or no reason at all, leaving the inmate with no claim. <u>Jackson v. Cain</u>, 864 F.2d 1235 (5th Cir. 1989), and cases cited therein. Also, <u>Wolters v. Federal Bureau of Prisons</u>, 352 Fed. Appx. 926, 928 (5th Cir. 2009); <u>Mendoza v. Lynaugh</u>, 989 F.2d 191,

7

194 n.4 (5th Cir. 1993).

Since Davis has done no more than allege his confinement in the SHU and his reclassification to the SMU, Davis has failed to state a claim for the violation of his constitutional rights cognizable under <u>Bivens</u>.   Therefore, defendants are entitled a summary judgment on the alternative ground that Davis has failed to state a <u>Bivens</u> claim.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 33) be GRANTED and that Davis' action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE